# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV, et al.,<br>        Plaintiffs,<br>v.<br>QATAR AIRWAYS GROUP (Q,C.S.C.),<br>        Defendant. | Case No. 5:25-cv-05325-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR DEFAULT**<br><br>[Re: ECF Nos. 34, 41, 43] |

Pro se Plaintiff Sergey Firsov has filed two motions, one entitled "Request for Entry of Default Under FRCP 55(a)," ECF No. 41, and one entitled "Motion for Default Judgment by Court Pursuant to FRCP 55(b)," ECF No. 43 (collectively, "Rule 55 Mot."). For the reasons described below, the Court construes both motions as a single motion seeking review of the Clerk of Court's denial of his request for entry of default. Defendant Qatar Airways Group (Q, C.S.C.) ("Qatar Air") has filed a single brief in opposition to both of those motions. ECF No. 49 ("Opp."). Mr. Firsov previously filed a motion for reconsideration. ECF No. 34 ("Recon. Mot.").

For the reasons described below, the Reconsideration Motion is DENIED AS MOOT, and the Rule 55 Motion is DENIED.

## I.    BACKGROUND

On October 21, 2025, Mr. Firsov filed a "Application for Entry Default [sic] Judgment by Court." ECF No. 25. The Court struck the filing, referring Mr. Firsov to Federal Rule of Civil Procedure 55(a), which requires such a request to be made to the Clerk of the Court. ECF No. 27. On October 24, 2025, Mr. Firsov filed a "Request for Entry of Default Under FRCP 55," ECF No. 29, which the Court referred to the Clerk on October 28, 2025, ECF No. 30.

On October 29, Mr. Firsov filed the Reconsideration Motion, requesting the Court to "consider Application to Enter Default (Docket 25) as Request to enter Default to court clerk." Recon. Mot. at 2.  The Court declined to enter default on November 3, 2025.  ECF No. 41.  Inexplicably, Mr. Firsov also filed the two motions that the Court has consolidated to construe as the Rule 55 Motion.

**II.     LEGAL STANDARD**

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment.  Fed. R. Civ. P. 54(b).  Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation marks and citation omitted).  The Northern District of California also has local rules governing motions for reconsideration.  A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments.  Civ. L.R. 7-9(b).

Federal Rule of Civil Procedure 55(a) provides that the Clerk of Court must enter a party's default when that party has failed to plead or otherwise defend an action.  Rule 55(b)(1) provides that the Clerk must enter a default judgment against a defaulted party "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Rule 55(b)(2).  Whether to enter default judgment is a matter of the Court's discretion.  *Aldabe v Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In determining whether default judgment is appropriate, courts in the Ninth Circuit consider the *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

#### A. Reconsideration Motion

It is apparent from the face of the motion that the Reconsideration Motion is moot because the Court has already granted the relief Mr. Firsov seeks. Bemoaning the "mistake" made by the Court, Mr. Firsov states that "[o]f course, Plaintiffs refiled request to enter default on 10/24/25," presumably referring to the October 25, 2025, filing that the Court referred to the Clerk. Recon. Mot. at 2. In any case, because the Court concludes that Mr. Firsov is entitled to neither default nor default judgment, the motion for reconsideration is DENIED.

#### B. Rule 55 Motion

The record before the Court indicates that the Summons was handed to an employee at the San Francisco Airport. ECF Nos. 31, 47. This qualifies—at most—as an attempt to effectuate service on a branch or station manager who does not qualify as an officer, general manager, or authorized agent for service of process. *Jimena v. UBS AG Bank, Inc.*, No. 07-cv-367-OWW, 2007 WL 1687045, at *12–13 (E.D. Cal. June 8, 2007); *see also Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025). Because Mr. Firsov did not properly effectuate personal service, he is not entitled to an entry of default or default judgment.

Moreover, as Qatar Air points out, on October 29, 2025, Mr. Firsov mailed a request to waive service of summons to Qatar Air's registered agent on October 29, 2025, meaning that Qatar has until November 28, 2025, to return a signed waiver. ECF No. 45. Qatar represents that "it fully intends to do" so. Opp. at 2. Given that Qatar Air has until November 28, 2025, to return the signed waiver, the Rule 55 Motion is frivolous and is DENIED.

### IV. ORDER

For the reasons described above, IT IS HEREBY ORDERED THAT:

(1) The Reconsideration Motion (ECF No. 34) is DENIED AS MOOT.

(2) The Rule 55 Motion (ECF Nos. 43, 45) is DENIED.

3

**IT IS SO ORDERED.**

Dated: November 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

4