UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QATAR AIRWAYS GROUP (Q,C.S.C.),<br><br>　　　　　Defendant. | Case No. 5:25-cv-05325-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 47] |

Before the Court is Defendant Qatar Airways Group (Q,C.S.C.)'s ("Qatar Air's") motion to dismiss pro se Plaintiff Sergey Firsov's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 47 ("Mot."); ECF No. 54 ("Reply"). Mr. Firsov opposes the motion. ECF No. 48 ("Opp."). The Court held a hearing on the motion on January 15, 2026.

For the reasons discussed below, the motion is GRANTED.

**I.   BACKGROUND**

Mr. Firsov initiated this action against Qatar Air by filing a complaint, along with a motion for leave to proceed in forma pauperis, on June 25, 2025. *See* ECF Nos. 1 3. On July 22, 2025, the Magistrate Judge denied Mr. Firsov's motion and dismissed the complaint pursuant to 28 U.S.C. § 1915. ECF No. 9. Mr. Firsov filed the FAC on August 8, 2025. ECF No. 10 ("FAC").

The FAC alleges as follows. On November 14, 2024, Mr. Firsov purchased two economy class tickets for him and his son[2] from Qatar Air for a round trip from San Francisco to Almaty,

---

[1] Qatar Air originally filed its motion to dismiss on October 29, 2025, *see* ECF No. 31, which the Court struck for failure to comply with the Court's standing orders, *see* ECF No. 36. This order disposes of both of Qatar Air's motions.

[2] The Court dismissed Mr. Firsov's son's claims following Mr. Firsov's failure to retain counsel in

1    Kazakhstan, leaving June 24, 2025, and returning July 6, 2025.  FAC at 3.  On January 19, 2025,

2    he changed the departure date from June 24 to June 25.  On June 13, 2025, Qatar decreased the

3    connection time in Doha, Qatar, from a little over two hours to five minutes due to the war

4    between Israel and Iran and then rebooked his tickets back to the original June 24, 2025, departure

5    date without his permission.

      When Mr. Firsov requested alternative tickets for June 25, 2025, on Turkish Airlines, Lufthansa, or Asiana Airlines for the same route, Qatar Air refused and instead rebooked him for a departure date of June 26, 2025.  As a result of the schedule change, Mr. Firsov arrived in Almaty thirty hours later than originally scheduled, causing him to miss a meeting with classmates from different countries that had been planned well in advance.  *Id.* at 3–4.  To salvage part of his plans, he paid $10,000 for a private jet from Astana, Kazakhstan, to Almaty to meet a classmate who was at the time the Deputy Minister of Health on June 28, 2025.  On the return flight, Qatar Air again changed the tickets, adding an extra connection in Seattle.  *Id.* at 4.  After refusing Mr. Firsov's requests for alternative tickets, Qatar Air eventually changed his ticket to a direct flight to San Francisco.

      The FAC states claims for (1) violation of the Montreal Convention, (2) breach of contract, (3) false advertising under Cal. Civ. Code § 17500, (4) unfair and deceptive business practices under Cal. Civ. Code § 17200, (5) negligent infliction of emotional distress, and (6) breach of the covenant of good faith and fair dealing.  *Id.* at 5–10.  Mr. Firsov requests monetary damages of approximately $30,052.90 (including $11,768 for passenger delay compensation, $2,830 for baggage delay compensation, $10,000 for private jet expenses, $4,959 for refund of ticket costs, and $495.90 in penalties), additional punitive and emotional-distress damages, and an injunction requiring Qatar Air to allow rebooking on other airlines.  *Id.* at 11.

**II.  LEGAL STANDARD**

      Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim."  *Sinclair v. City of Seattle*,

---

his capacity as guardian ad litem.  *See* ECF No. 58.

1    61 F.4th 674, 678 (9th Cir. 2023). The task when ruling on a motion to dismiss "is to evaluate

2    whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*,

3    355 F.3d 1179, 1183 (9th Cir. 2004). The complaint "must contain sufficient factual matter,

4    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

5    556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

6    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

7    the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

8          Upon granting a motion to dismiss, a court has discretion to allow leave to amend the

9    complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not

10   appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence*

11   *Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant

12   leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*,

13   371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. In

14   *Eminence Capital*, the Ninth Circuit identified several factors to consider, including (1) undue

15   delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment,

16   (4) undue prejudice to the opposing party, and (5) futility of amendment. *See* 316 F.3d at 1052.

17   **III.   DISCUSSION**

18         As a threshold matter, Qatar Air alternatively moves pursuant to Rule 12(b)(5) on the

19   ground that service of process was insufficient. Mot. at 10–11. On November 14, 2025, however,

20   Qatar Air returned an executed waiver of service. ECF No. 55. The Court accordingly DENIES

21   AS MOOT the motion on this ground and limits its discussion to the issue whether the complaint

22   states a cognizable claim for relief.

23         Turning to Mr. Firsov's Montreal Convention claim, Article 19 of the Montreal convention

24   establishes airline liability "for damage occasioned by the delay in the carriage by air of

25   passengers, baggage or cargo." Qatar Air argues that the FAC fails to state a claim because any

26   damages to Mr. Firsov were caused by his own actions, namely, his having rejected the rebooked

27   June 24 flight in favor of a June 26 flight. Mot. at 4–5. Mr. Firsov appears to respond that such

28   rebooking was insufficient, arguing that Qatar Air "refused to execute [the] contract [e.g., Qatar

3

1  Air's tariff, attached as an exhibit to the FAC] and depart passengers with baggage on-time" and
2  that Qatar Air was obligated to "find and select any EXISTED [sic] route from departure airport to
3  destination airport on ANY airline." Opp. at 3.

4      Mr. Firsov fails to identify any provision in Qatar Air's tariff entitling him to a same-day
5  rebooking on another carrier. Qatar Air's tariff provides that "[s]chedules are subject to change
6  without notice" and "[w]hen circumstances so require," Qatar Air will "(1) [c]arry the passenger
7  on another of its scheduled flights on which space is available; or (2) [r]eroute the passenger to the
8  destination indicated on the ticket or applicable portion thereof by its own scheduled services or
9  the scheduled services of another carrier." FAC at 34. As Qatar Air correctly points out, there is
10 no requirement that Qatar Air rebook the flight with another carrier. Mot. at 2. At oral argument,
11 Mr. Firsov insisted that he was entitled to such a change under the tariff. Under these
12 circumstances, the Court agrees with Qatar Air that the FAC fails to allege injury caused by Qatar
13 Air's delay.

14     As explained on the record by the Court at oral argument, Mr. Firsov must amend his
15 complaint to allege injury caused by Qatar Air, which may include a citation to a provision in the
16 tariff requiring Qatar Air to rebook his ticket on June 25 with a different carrier. Relatedly, the
17 FAC fails to explain why Mr. Firsov was required to charter a jet from Astana to Almaty or how
18 this could possibly have been caused by Qatar Air, which indisputably delivered him to Almaty on
19 June 27, 2025. To plead entitlement to $10,000 as consequential damages for the cost of
20 chartering a private plane from Astana to Almaty, Mr. Firsov must amend his complaint to set
21 forth sufficient factual allegations from which a reasonable inference can be drawn that the need to
22 charter the flight was occasioned by the delay.

23     Qatar Air argues that Mr. Firsov's remaining state-law claims are preempted by the
24 Montreal Convention. Mot. at 8. The Court agrees. In the FAC, Mr. Firsov concedes that he flew
25 on Qatar Air's June 26 flight and alleges only damages resulting from arriving in Almaty later
26 than scheduled. In other words, he does not state a claim for nonperformance but rather a claim
27 for delay, which is exclusively governed by the Montreal Convention. *See Chattopadhyay*
28 *v. Aeroflot Russian Airlines*, No. 11-cv-00443-MMM-RZX, 2011 WL 13220279, at *9 (C.D. Cal.

4

Aug. 17, 2011). Mr. Firsov does not meaningfully contest the point, instead conclusorily asserting that he states "valid claim[s]." Opp. at 6. The Court concludes that Mr. Firsov's remaining state-law claims are preempted, such that any amendment would be futile.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) Mr. Firsov's Montreal Convention claim is DISMISSED WITHOUT PREJUDICE.

(3) Mr. Firsov's state-law claims for breach of contract, false advertising, unfair business practices, negligent infliction of emotional distress, and breach of the covenant of good faith and fair dealing are DISMISSED WITH PREJUDICE.

(4) Mr. Firsov SHALL file a second amended complaint within thirty days of the date of this order. Amendment SHALL be limited to curing the defects identified in this order, and no new parties or claims may be added without obtaining leave of this Court.

Dated: January 15, 2026

_____
BETH LABSON FREEMAN
United States District Judge