United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SERGEY FIRSOV,

          Plaintiff,

     v.

QATAR AIRWAYS GROUP (Q,C.S.C.),

          Defendant.

Case No.  5:25-cv-05325-BLF

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[Re:  ECF Nos. 62, 64]

Defendant Qatar Airways Group (Q,C.S.C.) ("Qatar Air") moves to dismiss pro se Plaintiff Sergey Firsov's Second Amended Complaint, ECF No. 61 ("SAC").  *See* ECF No. 62 ("Mot."); ECF No. 65 ("Reply").  Mr. Firsov opposes the motion.  *See* ECF No. 63 ("Opp.").  Mr. Firsov also moves for leave to file a third amended complaint to add a claim "[u]nder article 1 of [the] Chicago convention," apparently alleging that the State of Qatar and Qatar Air have "complete and exclusive sovereignty over its [sic] airspace," chose "military necessity" over public safety (thereby becoming "guilty in delay"), and seeking $23 billion in punitive damages.  ECF No. 64 ("TAC Mot.").  Qatar Air opposes the motion.  ECF No. 66 ("TAC Opp.").  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for May 21, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, Qatar Air's motion to dismiss is GRANTED.  Mr. Firsov's motion for leave to amend is DENIED.

## I.    BACKGROUND

The SAC alleges as follows.  On November 14, 2024, Mr. Firsov purchased two round-trip, economy-class tickets on Qatar Air between San Francisco and Almaty, Kazakhstan, with departure on June 24, 2025, and return on July 6, 2025.  On January 19, 2025, he changed the

departure date from June 24 to June 25.  On June 13, 2025, Qatar decreased the connection time in Doha, Qatar, from a little over two hours to five minutes due to the war between Israel and Iran and then rebooked Mr. Firsov's tickets back to the original June 24, 2025, departure date without his permission.  When Mr. Firsov requested alternative tickets for June 25, 2025, on Turkish Airlines, Lufthansa, or Asiana Airlines for the same route, Qatar Air refused and instead rebooked him for a departure date of June 26, 2025.

Mr. Firsov nonetheless travelled to the San Francisco airport on June 25, 2025, where he was denied boarding (because of the rebooking).  As a result of the schedule change, Mr. Firsov arrived in Almaty thirty hours later than originally scheduled, causing him to miss a meeting with classmates from different countries that had been planned well in advance.  To salvage part of his plans, he paid $10,000 for a private jet from Astana, Kazakhstan, to Almaty to transport a third party, his former classmate who was at the time the Deputy Minister of Health on June 28, 2025.  On the return flight, Qatar Air again changed the tickets, adding an extra connection in Seattle.  After refusing Mr. Firsov's requests for alternative tickets, Qatar Air eventually changed his ticket to a direct flight to San Francisco.

On June 25, 2025, Mr. Firsov initiated this action against Qatar Air by filing a complaint, along with an application for leave to proceed *in forma pauperis*.  *See* ECF Nos. 1 3.  On July 22, 2025, Magistrate Judge Cousins denied Mr. Firsov's application and dismissed the complaint pursuant to 28 U.S.C. § 1915.  ECF No. 9.  On August 8, 2025, Mr. Firsov filed an amended complaint on behalf of himself and his minor son stating a single federal claim for violation of the Montreal convention and state-law claims for breach of contract, false advertising, unfair and deceptive business practices, negligent infliction of emotional distress, and breach of the covenant of good faith and fair dealing.  ECF No. 10.  Mr. Firsov requested monetary damages of approximately $30,052.90 (including $11,768 for passenger delay compensation, $2,830 for baggage delay compensation, $10,000 for private jet expenses, $4,959 for refund of ticket costs, and $495.90 in penalties), additional punitive and emotional-distress damages, and an injunction requiring Qatar Air to allow rebooking on other airlines.  The Court dismissed claims brought on behalf of Mr. Firsov's minor son and terminated Mr. Firsov's minor son as a party due to

United States District Court
Northern District of California

2

Mr. Firsov's failure to retain counsel in his capacity as guardian ad litem. ECF No. 58.

On November 3, 2025, Qatar Air moved to dismiss the first amended complaint for failure to state a claim. ECF No. 47. At the hearing held January 15, 2026, the Court indicated that it would grant the motion with leave to amend as to the Montreal Conventional claim and without leave to amend as to the state-law claims. ECF No. 59. The same day, the Court issued a written order setting forth the reasons for its decision in addition to the reasons stated at the hearing. ECF No. 60. As to the state-law claims, the Court explained that each of Mr. Firsov's claims is preempted by the Montreal Convention, such that amendment would be futile. *Id.* at 5. As to the Montreal Convention claim, the Court explained as follows:

> Mr. Firsov fails to identify any provision in Qatar Air's tariff entitling him to a same-day rebooking on another carrier. Qatar Air's tariff provides that "schedules are subject to change without notice" and "when circumstances so require," Qatar Air will "(1) carry the passenger on another of its scheduled flights on which space is available; or (2) reroute the passenger to the destination indicated on the ticket or applicable portion thereof by its own scheduled services or the scheduled services of another carrier." . . . [T]here is no requirement that Qatar Air rebook the flight with another carrier. At oral argument, Mr. Firsov insisted that he was entitled to such a change under the tariff. Under these circumstances, the Court agrees with Qatar Air that the [first amended complaint] fails to allege injury caused by Qatar Air's delay. . . . Mr. Firsov must amend his complaint to allege injury caused by Qatar Air, which may include a citation to a provision in the tariff requiring Qatar Air to rebook his ticket on June 25 with a different carrier.

*Id.* at 4 (alterations omitted) (internal citations omitted). In granting leave to amend, the Court admonished Mr. Firsov that amendment would be limited to curing the defects identified in connection with his Montreal Convention Claim, providing that "no new parties or claims may be added without obtaining leave of this Court." *Id.* at 5.

Mr. Firsov filed the SAC on February 4, 2026.

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). The complaint "must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. In *Eminence Capital*, the Ninth Circuit identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See* 316 F.3d at 1052.

## III.    DISCUSSION

### A.  Motion to Dismiss Second Amended Complaint

Rather than adding factual allegations showing how Qatar Air's delay caused him injury, Mr. Firsov used the opportunity to amend his complaint as license to add baseless allegations wholly irrelevant to his sole remaining Montreal Convention claim. *See, e.g.*, SAC at 3 ("Defendant allowed USA to bomb Iran."); *id.* at 4 ("[Mr. Firsov] promised to find-out [sic] the person who illegally added Kazakhstan to the [l]ist of countries with yellow fever . . . . Defendant is quilty [sic] in closing civil airspace in Iran and delay [sic] all flights to/from Qatar during the conflict in Iran."). Mr. Firsov also added legal conclusions that Qatar Air is required under the Montreal Convention to take "all measures that could reasonably be required to avoid the damage," but did not add any allegations of injury apart from "significant delay." *Id.* at 6. None of these amendments cures the defects identified in the Court's prior order dismissing the Montreal Convention claim because the SAC still does not allege injury plausibly attributable to Qatar Air's delay (as opposed to Mr. Firsov rejecting the earlier flight).

The Court accordingly GRANTS the motion to dismiss. The Court notes that Mr. Firsov,

United States District Court
Northern District of California

in addition to increasing his requested damages to $2.36 billion "to prevent this issue with other passengers," SAC at 5, ignored the Court's directive against adding new claims or parties by purporting to add back his minor son as plaintiff, *see id.* at 2, and reasserting his dismissed state-law claims, *see id.* at 7–8, 10–13, which the Court need not consider. Given Mr. Firsov's demonstrated inability to comply with the Court's orders, the Court concludes that amendment would be futile and will dismiss the remaining Montreal Convention claim with prejudice.

### B. Motion for Leave to File Third Amended Complaint

Mr. Firsov seeks leave to add a claim on behalf of "million [sic] of passengers in delay for prevail civil planes [sic] under military planes intentionally [sic]." TAC Mot. at 4. Mr. Firsov apparently refers to the Convention on International Civil Aviation, a multilateral treaty regulating relations among contracting states and setting forth the public law framework for international civil aviation. *See* Convention on International Civil Aviation, Dec. 7, 1944, 61 Stat. 1180, 15 U.N.T.S. 295. In addition to the allegations in his proposed third amended complaint being specious and facially implausible, the Court also notes that the Chicago Convention does not create a private right of action enforceable against Qatar Air by Mr. Firsov as a civil passenger. *See, e.g.*, *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 968 (4th Cir. 1992) ("International treaties are not presumed to create rights that are privately enforceable.")

Mr. Firsov's motion for leave to file a third amended complaint is accordingly DENIED.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Qatar Air's motion to dismiss is GRANTED. Mr. Firsov's motion for leave to amend is DENIED.

(2) The action is DISMISSED WITHOUT LEAVE TO AMEND. The Court will enter judgment in favor of Qatar Air and close the case.

Dated: April 3, 2026

BETH LABSON FREEMAN
United States District Judge

5